# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| PERCY LAVAE BACON, #89428 | ) ) | |
| Plaintiff, | ) ) | 2:10-cv-01451-KJD-LRL |
| vs. | ) ) | **ORDER** |
| STATE OF NEVADA, | ) ) | |
| Defendant. | ) / | |

On August 26, 2010, the court received from plaintiff a document entitled "Declaratory Judgment Complaint" (docket #1). The complaint purports to seek declaratory judgment, but plaintiff's main claims are that his Fourteenth Amendment rights to due process and equal protection have been violated, and as such, this complaint sounds in civil rights. 42 U.S.C. § 1983. Yet the document is not on the court's form, and therefore, is insufficient to initiate a civil rights action in this court. The Local Rules require plaintiffs appearing in *pro se*, such as this plaintiff, to file all of their complaints and petitions on the court's approved forms. LSR 2-1("[a] civil rights complaint filed by a person who is not represented by counsel shall be on the form provided by this court."). Moreover, plaintiff has failed to submit an application to proceed *in forma pauperis* on the required form or to pay the filing fee. *See* 28 U.S.C. § 1915(a)(1)-(2); Local Rules of Special Proceedings 1-1, 1-2.

1  As set forth below, even in the absence of the requisite complaint form and application
2  to proceed *in forma pauperis*, the court must dismiss the complaint with prejudice for failure to state a
3  claim upon which relief may be granted.  The court now reviews the complaint.

**I. Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id*. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios).  *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).  Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint

1  that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106
2  (9th Cir. 1995).

**II. Instant Complaint**

Plaintiff, who is detained at Southern Desert Correctional Center ("SDCC"), purports to sue the State of Nevada pursuant to the Uniform Declaratory Judgment Act. Plaintiff claims that Nevada's burglary statutes are unconstitutionally overbroad and "unconstitutional in the application by the arresting [state] police officers." Plaintiff's main claim appears to be that the burglary statutes were unfairly or unequally applied to him, in violation of his Fourteenth Amendment rights to due process and equal protection. For the reasons discussed below, plaintiff's complaint is dismissed.

First, plaintiff invokes 28 U.S.C. § 2201, which provides that in an actual controversy a court may declare the rights and other legal remedies of the parties, 42 U.S.C. § 1981, which provides that all persons in the United States shall have equal rights under the laws, and 42 U.S.C. § 1985, which provides a cause of action for conspiracy to violate civil rights. The court is unaware of any authority that indicates that the constitutionality of a state statute may be challenged under these federal statutes. Moreover, when a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991). Further, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488.

Plaintiff clearly intends to challenge his conviction as the result of an unconstitutional application of the Nevada burglary statutes. His sole federal remedy for such claims is a writ of *habeas*

3

1 *corpus*. Accordingly, his claims are dismissed. Because amendment would be futile, the entire
2 complaint is dismissed with prejudice and without leave to amend.

### III. Conclusion

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for speedy declaratory judgment hearing (docket #2) and motion to order the complaint for declaratory judgment to be filed (docket #3) are **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly and close this case.

DATED: September 13, 2010

_____
UNITED STATES DISTRICT JUDGE