**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| PERCY LAVAE BACON,<br>    #89428 | ) | |
| Plaintiff, | ) | 2:10-cv-01451-KJD-LRL |
| vs. | ) | |
| STATE OF NEVADA, | ) | **ORDER** |
| Defendant. | ) | |

On September 14, 2010, the court dismissed with prejudice this *pro se* civil rights complaint (docket #4), and judgment was entered on that date (docket #5). Before the court is plaintiff's "motion to vacate order dismissing case" (docket #6).

Where a ruling has resulted in final judgment or order, a motion "to vacate order" or for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should

have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

In its order of September 14, 2010, the court dismissed the complaint, in which plaintiff alleged that Nevada's burglary statutes are unconstitutionally overbroad and "unconstitutional in the application by the arresting [state] police officers." While plaintiff styled his complaint as an action for declaratory judgment, he claimed that the burglary statutes were unfairly or unequally applied to him, in violation of his Fourteenth Amendment rights to due process and equal protection. Plaintiff's sole avenue to challenge the legality of his confinement is a writ of *habeas corpus*. *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). Plaintiff has failed to make an adequate showing under either Rule 60(b) or 59(e) that this court's order dismissing the action should be reversed.

Further, this court certifies that any *in forma pauperis* appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed *in forma pauperis* on appeal only if appeal would not be frivolous).

1 **IT IS THEREFORE ORDERED** that plaintiff's motion to vacate order dismissing case (docket #6) is **DENIED.**

**IT IS FURTHER ORDERED** that this court **CERTIFIES** that any *in forma pauperis* appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

DATED: September 28, 2010

_____
UNITED STATES DISTRICT JUDGE