# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PERCY LAVAE BACON,

    Plaintiff,

v.

STATE OF NEVADA,

    Defendant.

Case No. 2:10-CV-01451-KJD-LRL

**ORDER**

      Currently before the Court is Plaintiff's Motion to Set Aside Judgment (#14), brought pursuant to Fed. R. Civ. P. 60(b)(6).

      The Court dismissed with prejudice Plaintiff's Complaint (#4) on September 14, 2010, which alleged that Nevada's burglary statutes are unconstitutionally broad and "unconstitutional in the application by the arresting [state] police officers." Plaintiff then filed a Motion to Vacate Order Dismissing Case (#6) on September 22, 2010 that was subsequently denied (#8) by this Court on September 28, 2010. The Court found that Plaintiff failed to make an adequate showing under either Rule 60(b) or 59(e) that the Court's Order dismissing the action (#4) should be reversed. Plaintiff then filed a Notice of Appeal as to the Order Dismissing Case (#9) with the Ninth Circuit Court of Appeals on October 7, 2010. While his appeal was pending, Plaintiff filed the current Motion to Set

Aside Judgment on December 31, 2010. On February 11, 2011, the Ninth Circuit dismissed Plaintiff's Appeal (#16) for failure to respond to the order of the Court.

Under Rule 60(b) the Court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, it is based on an earlier judgment that has been reversed or vacated; or applying it properly is no longer equitable; or (6) any other reason that justifies relief.

Plaintiff brings his instant motion pursuant to Rule 60(b)(6), yet does not allege any issues different than those stated in his previous Motion to Vacate (#6) that would justify relief from the operation of the judgment. Specifically, Plaintiff's current motion merely reemphasizes the arguments in the Complaint (#1) and continues to allege the "biasness" (sic) of the Court and that "the District Court Judge Kent J. Dawson is totally aware that the Nevada burglary statute is unconstitutional" (#14 at 3, 7).

Therefore, because Plaintiff has failed to make an adequate showing under Rule 60(b) that this Court's Order dismissing the action should be reversed and for the same reasons stated in the Court's previous Order (#8) denying Plaintiff's Motion to Vacate Order, the Court finds that Plaintiff's Motion to Set Aside Judgment (#14) should be denied. Plaintiff's sole avenue to challenge the legality of his confinement is a writ of *habeas corpus*. Heck v. Humphrey, 512 U.S. 477, 487-88 (1994).

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Set Aside Judgment (#14) is **DENIED**.

Dated this 2nd day of June 2011.

_____
Kent J. Dawson
United States District Judge